IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WILLY REVILLA ADRIAN,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON METRO AREA TRANSIT AUTHORITY, et al.,<br><br>Defendants. | Civil Action No. 24-cv-00911-LWW<br><br>Dated: November 8, 2024 |

## MEMORANDUM OPINION

Before the Court is defendant Washington Metropolitan Area Transit Authority's ("WMATA") and defendant WMATA Police Officer Steven Andrew Whitaker's ("Officer Whitaker") (collectively, "Defendants") motion to dismiss. ECF No. 11. The motion is fully briefed. Having reviewed the submitted materials, the Court finds this matter is appropriate for resolution without oral argument. D. Md. Local R. 105.6. For the reasons set forth below, the Court **DENIES** Defendants' motion.

## BACKGROUND

This case arises from a March 17, 2022, automotive accident, which occurred on Interstate 495. See Pl.'s Compl., ECF No. 5. Plaintiff Willy Revilla Adrian ("Plaintiff" or "Revilla") filed this action to recover damages in the amount of $30,000. See id.

The automotive accident on March 17, 2022, involved Officer Whitaker, driving a WMATA police cruiser, and Plaintiff's vehicle. Prior to the filing of the instant action, Plaintiff and Defendants were parties to a prior legal action (the "Villamizar Lawsuit") filed by Yohana Roa Villamizar ("Villamizar"). Civil Action No. 8:22-cv-03214-GLS; see

Villamizar Compl., ECF No. 11-4, Ex. 2. In the Villamizar Lawsuit, plaintiff Villamizar filed suit against Revilla, Officer Whitaker, and WMATA—parties to the instant action—jointly as defendants. Id. On June 29, 2022, all parties in the Villamizar Lawsuit filed a stipulation of dismissal, which states that "the parties, by their undersigned counsel hereby stipulate to the dismissal of all claims against [Officer Whitaker] and [WMATA], with prejudice." Stipulation of Dismissal, ECF No. 11-5, Ex. 3. The parties in the Villamizar Lawsuit "further stipulate[d] to the dismissal of all claims against Willy Jesus Revilla Adrian without prejudice." Id. Thereafter, Plaintiff filed this action. See Pl.'s Compl., ECF No. 5. Yohana Roa Villamizar is not a party to the instant action.

### A.   Procedural Posture

Plaintiff filed this action in the District Court for Prince George's County, Maryland on January 29, 2024. See Pl.'s Compl., ECF No. 5. Defendants filed their notice of removal with the court on March 28, 2024. Not. of Rem., ECF No. 1. Defendants filed their present motion and accompanying memorandum on May 1, 2024. Defs.' Mem. of P. & A. Supp. Mot. to Dismiss ("Defs.' Mem."), ECF No. 11-1. Plaintiff filed his[1] response in opposition on May 15, 2024. Pl.'s Opp. to Defs.' Mot. to Dismiss Compl. ("Pl.'s Opp."), ECF No. 12-1. Defendants filed their reply on May 22, 2024. Defs.' Reply to Pl.'s Opp. Mot. to Dismiss Compl., ("Defs.' Reply"), ECF No. 13.

---

[1] The court notes that Plaintiff's counsel refers to Plaintiff using both pronouns "him" and "her" in the briefing materials. See Pl.'s Opp. at 1, 6. Plaintiff's state court complaint, however, consistently refers to Plaintiff using the pronoun, "him," which is the pronoun used by the court.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to dismissal of a complaint when there exists no ground upon which relief can be granted. Fed. R. Civ. P. 12. Pursuant to "Rule 12(b)(6), a motion to dismiss should be granted 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Hepburn v. Nat'l Ctr. on Insts. & Alternatives, Inc., 409 F. Supp. 2d 639, 641 (D. Md. 2006), aff'd sub nom. Hepburn v. Nat'l Ctr. on Insts. & Alternatives, Inc., 220 F. App'x 216 (4th Cir. 2007) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)). Moreover, "[t]he purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint, [and not to] resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Jerry v. Allstate Ins. Co., 553 F. Supp. 3d 287, 291 (D. Md. 2021) (alteration in original) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)).

A party "must have pleaded facts demonstrating it has a plausible right to relief from the Court" in order to survive a motion to dismiss. ACAS, LLC v. Charter Oak Fire Ins. Co., 626 F. Supp. 3d 866, 872 (D. Md. 2022). Plausibility "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). Instead, plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

Moreover, "[r]es judicata constitutes a ground for dismissal under Rule 12(b)(6)." Osowiecki v. Ocwen Loan Servicing, LLC, Civil Action No. GLR-19-819, 2020 WL

779509, at *3 (D. Md. Feb. 18, 2020). Finally, "when entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact." Andrews v. Daw, 201 F.3d 521, 524 n.1 (4th Cir. 2000).

## DISCUSSION

Defendants move to dismiss this action because "Plaintiff's claims in this case are barred by res judicata and her Complaint should be dismissed with prejudice." Defs.' Mem. at 2. Defendants point to the stipulation whereby Plaintiff—there, a defendant himself—agreed to dismiss all future claims against the Defendants. Id. at 4.

Plaintiff contends that his claims are not barred by res judicata because they were permissive and not compulsory in the Villamizar Lawsuit, pursuant to Federal Rule of Civil Procedure 13.[2] Pl.'s Opp. at 2. Moreover, Plaintiff contends that his signature of the stipulation of dismissal does not release claims against Defendants and that his acquiescence in the stipulation was merely a required formality. Id. at 5.

In their reply, Defendants contend that the Plaintiff was not required to dismiss any claim with prejudice and that the default under Federal Rule of Civil Procedure 41 is dismissal without prejudice. Defs.' Reply at 3. Finally, Defendants contend that Plaintiff's claim was compulsory because he "took an adversarial position to [Defendants] in [the Villamizar Lawsuit]" due to the manner in which he filed his answer. Id. at 5.

As explained below, Defendants' arguments are without merit.

---

[2] Federal Rule of Civil Procedure 13 governs counter-claims and cross-claims.

Civil Action No. 24-cv-00911-LWW                                                                    Page 5

### I.     Res Judicata

The question is whether Plaintiff's claim is barred by the doctrine of res judicata.

Res judicata is a doctrine whereby "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). The policy rationale underlying this doctrine is concerned with "whether the party has previously had a fair shot with respect to the claims raised in the present action." SAS Inst., Inc. v. World Programming Ltd., 874 F.3d 370, 378 (4th Cir. 2017).

The Fourth Circuit has explained that the application of res judicata turns on the existence of three elements:

> (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits.

Clodfelter v. Republic of Sudan, 720 F.3d 199, 210 (4th Cir. 2013) (quoting Pueschel v. United States, 369 F.3d 345, 354–55 (4th Cir. 2004)). Defendants must satisfy all three elements for the doctrine of res judicata to apply in this case.

For the purposes of state claims, "[t]he elements of res judicata under federal law are analogous to those under Maryland law." Jerry v. Allstate Ins. Co., 553 F. Supp. 3d 287, 292 (D. Md. 2021) (quoting Anne Arundel Cty. Bd. of Educ. v. Norville, 390 Md. 93, 108, (2005)). Here, "[b]ecause the prior suit at issue was a federal case, federal rules of res judicata apply." Giddings v. Montgomery Cnty., Civil Action No. SAG-21-3245, 2021 WL 7904046, at *1 (D. Md. Dec. 28, 2021) (citing Taylor v. Sturgell, 553 U.S. 880, 891

(2008) ("The preclusive effect of a federal-court judgment is determined by federal common law.")).

### A.   Final Judgment

The first element queries whether there was a final judgment on the merits in the prior suit. Clodfelter, 720 F.3d at 210.

Federal Rule of Civil Procedure 41(b) "provides that unless the court otherwise specifies, 'a dismissal ... other than a dismissal for lack of jurisdiction ... operates as an adjudication upon the merits.'" Andrews, 201 F.3d at 524 n.2 (quoting Fed. R. Civ. P. 41(b)) (alteration in original). Further, "[i]t is well established that dismissals with prejudice—including those resulting from settlement agreements or consent decrees—are treated as final judgments on the merits for purposes of res judicata." Jacobs v. Venali, Inc., 596 F. Supp. 2d 906, 914 (D. Md. 2009) (citing Nash Cnty Bd. of Ed. v. Biltmore Co., 640 F.2d 484, 487 (4th Cir. 1981)). The District of Maryland "recognizes that the stipulation of dismissal with prejudice constitutes a final judgment on the merits for the purpose of res judicata." Sullivan v. Easco Corp., 662 F. Supp. 1396, 1408 (D. Md. 1987).

Here, it is undisputed that there was a final judgment on the merits in the Villamizar Lawsuit. See Stipulation of Dismissal. The defendants in the Villamizar Lawsuit, which includes the Plaintiff here, signed a stipulation of dismissal. See id. The parties, however, disagree as to whether the stipulation in the Villamizar Lawsuit constitutes a final judgment in this proceeding. The final judgment element "bars further claims by parties or their privies based on the same cause of action." Hayes v. Maryland

Transit Admin., 708 F. Supp. 3d 683, 690 (D. Md. 2023), aff'd, No. 24-1482, 2024 WL 4262786 (4th Cir. Sept. 23, 2024). Here, Plaintiff signed a stipulation containing only the following forty-four words:

> The parties, by their undersigned counsel, hereby stipulate to the dismissal of all claims against Stephen Andrew Whitaker and the Washington Metropolitan Area Transit Authority, with prejudice. The parties further stipulate to the dismissal of all claims against Willy Jesus Revilla Adrian without prejudice.

Stipulation of Dismissal (emphasis added).

Plaintiff "concedes" that a dismissal with prejudice is a final judgment on the merits but "assert[s] its irrelevance to a case where the claims at issue would have been permissive cross-claims between co-defendants in the prior suit." See Pl.'s Opp. at 3. Plaintiff further contends instead that his signature was required as a matter of formality. Id. at 5. Defendants respond by arguing that Plaintiff was under no obligation to stipulate to dismissal as to Defendants with prejudice, and as such, Plaintiff's signature represents an agreement to dismiss his future claims against WMATA and Officer Whitaker. Defs.' Reply at 3.

Federal Rule of Civil Procedure 41 governs voluntary dismissals. A plaintiff may dismiss a case voluntarily and without a court order if he or she files with the court "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1).

Here, the plaintiff in the Villamizar Lawsuit obtained a voluntary dismissal against all of the parties via stipulation. The court agrees with Plaintiff's argument that "what is being dismissed is Plaintiff's action, not an inchoate, as-yet-uncontemplated claim that a

defendant may later bring against a prior co-defendant." Pl.'s Opp. at 4. The Villamizar Lawsuit involved a voluntary dismissal initiated by the plaintiff in that case pursuant to Rule 41 based on the following stipulations:

- The claims that were dismissed with prejudice were claims that were litigated by the parties against WMATA and Officer Whitaker.
- The claims that were dismissed without prejudice were claims that were litigated between the parties against Plaintiff.

See Stipulation of Dismissal.

Both of these stipulations apply to Villamizar's claims, not Plaintiff's. The portion of the stipulation applying to WMATA and Officer Whitaker is limited only to claims brought by Villamizar in the Villamizar Lawsuit against WMATA and Officer Whitaker, i.e., those claims that the parties had a full and fair opportunity to litigate against each other. See SAS Inst., 874 F.3d at 378 (discussing whether a party has "previously had a fair shot with respect to the claims raised in the present action"). The dismissal of Villamizar's claims against WMATA and Officer Whitaker do not have the effect of barring uninitiated claims because there was no claim made by Plaintiff Revilla when the parties signed the stipulation. Similarly, the dismissal without prejudice concerning Plaintiff pertains to Villamizar's claims against him and not Defendants' claims against Plaintiff Revilla. The stipulation thus protects WMATA and Officer Whitaker from future claims brought by Villamizar instead of those brought by Plaintiff Revilla.

Civil Action No. 24-cv-00911-LWW                                                              Page 9

There is no res judicata effect stretching to uninitiated cross-claims between defendants. The stipulation of dismissal applies only to claims flowing from Villamizar against WMATA and Officer Whitaker, not from Plaintiff here against Defendants.[3]

Thus, the effect of the stipulation of dismissal is inapplicable to this case and Plaintiff. While there was a final judgment on the merits, that judgment is not preclusive of Plaintiff's claim because it applies to future litigation between WMATA, Officer Whitaker, and Villamizar. Accordingly, the final judgment element is not satisfied because there was no final judgment on the merits in the Villamizar Lawsuit as it relates to Plaintiff's claims here. To rule otherwise would be to deny Plaintiff his opportunity to fully litigate claims now before the court.

### B.  Identity of Causes of Action

The next element considers whether an identity of causes of action exists in both the earlier suit and the later suit. Clodfelter, 720 F.3d at 210.

Defendants contend that an identity of causes of action exists here. Defs.' Mot. at 4. They rely on the Fourth Circuit's adoption of the "transactional approach" from the Restatement (Second) of Judgments § 24(b). Id. The Fourth Circuit's transactional approach considers whether "the new claim arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." Meekins v. United Transp.

---

[3] "While a judgment on the merits or a stipulation with prejudice will bar all future claims among the parties affected, neither a judgment nor a stipulation will necessarily bar all claims among the various parties." Allianz Ins. Co. v. Lerner, 296 F. Supp. 2d 417, 421 (E.D.N.Y. 2003), aff'd, 416 F.3d 109 (2d Cir. 2005).

Union, 946 F.2d 1054, 1058 (4th Cir. 1991) (quoting Harnett v. Billman, 800 F.2d 1308, 1313 (4th Cir. 1986)). Two cases share identity of causes of action if those cases "arise out of the same transaction or series of transactions or the same core of operative facts." Pueschel, 369 F.3d at 355 (quoting In re Varat Enters., Inc., 81 F.3d 1310, 1316 (4th Cir. 1996)).

Here, Defendants argue that because Plaintiff's claim arises out of the same core of operative facts as the Villamizar Lawsuit, the transactional approach should apply to "not only those claims that were raised in the original lawsuit, but also those that could have been raised in that action." Defs.' Mem. at 5 (emphasis in original). But the transactional approach is inapplicable where a plaintiff has brought no claim in the prior litigation. See, e.g., Potomac Design, Inc. v. Eurocal Trading, Inc., 839 F. Supp. 364, 368 (D. Md. 1993) ("[A] party who does not assert a cross-claim is not barred by res judicata in a subsequent action."). This is because, in the Villamizar Lawsuit, there were no cross-claims. As such, Defendants' sole argument for the existence of an identity of causes of action is based on the conduct of Plaintiff Revilla, who was situated as a defendant in the Villamizar Lawsuit. See Defs.' Reply at 4.

Specifically, Defendants contend that this factor is satisfied because "Plaintiff Adrian took an adverse position to [Defendants]." Defs.' Mem. at 6. Defendants explain that Plaintiff's claims were compulsory because "Plaintiff took affirmative steps to shift liability for the accident to [Defendants]." Defs.' Reply at 4. Defendants' reliance on non-circuit dicta from the mid-twentieth century is without merit. See Defs.' Reply at 5. A fundamental principle of judgments establishes that:

> where a person is injured by the concurrent negligence of two tortfeasors who are joined in one action, the fact that each of them attempts to show that the other was solely responsible for the accident or that the other alone was negligent does not make the issue of negligence res judicata in subsequent proceedings between them, where the liability of one to the other does not depend upon his liability to the injured person.

Restatement (First) of Judgments § 82 (1942).[4] Further, "[i]n most cases persons who are not adversary parties under the pleadings are not bound, as between themselves, by the adjudication of an issue raised between one of them and the other party to the action, unless they actually litigate the issue with each other." Restatement (Second) of Judgments § 82 (1982).

Instead, co-parties in a prior suit "are bound [in the instant action] only by the determination of issues that they in fact litigated as adversaries." Sullivan v. Easco Corp., 662 F. Supp. 1396, 1408 (D. Md. 1987) (citing 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure: Jurisdiction at § 4449). Parties are also considered to be adversarial:

> where the claims or defenses in the pleadings put parties in an adversarial relation to each other even though they may also be aligned together against a third party. This relation arises between defendants who are parties to a cross-claim, between a defendant and an impleaded third-party defendant, and between parties who have been interpleaded.

---

[4] Moreover, "[t]he rendition of a judgment in an action does not conclude parties to the action who are not adversaries under the pleadings as to their rights inter se upon matters which they did not litigate, or have an opportunity to litigate, between themselves." Restatement (First) of Judgments § 82 (1942).

Civil Action No. 24-cv-00911-LWW                                                                 Page 12

Restatement (Second) of Judgments § 38 (emphasis added). None of these considerations are met here, and as such, Defendants fail to meet this factor of analysis.[5]

      i.    <u>Plaintiff's Claims in the Villamizar Lawsuit Were Permissive</u>

The next question is whether Plaintiff's claim was permissive, as Plaintiff contends, or compulsory, as Defendants contend, in the Villamizar Lawsuit. This depends on the claims actually litigated in the Villamizar Lawsuit, and importantly, who those claims have been litigated against.

The Fourth Circuit has noted that "[c]ommentators and courts have recognized the difficulty of using a res judicata test to distinguish between permissive and compulsory counterclaims …." <u>Painter v. Harvey</u>, 863 F.2d 329, 333 (4th Cir. 1988) (citing 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1409 (1971 and 1988 Supp.)). "If the limits of the compulsory counterclaim are no broader than res judicata, then Fed.R.Civ.P.13(a) would be superfluous." <u>Id</u>.

Federal Rule of Civil Procedure 13(g) governs cross-claims: "a pleading may state as a cross-claim any claim by one party against a coparty …." Fed. R. Civ. P. 13(g). Indeed, it is well known that "[a] cross-claim <u>may</u> be asserted against a co-party if

---

[5] "Apart from compulsory counterclaim rules, however, the traditional conclusion has been that purely defensive use of a theory does not preclude a later action for affirmative recovery on the same theory. Thus a defendant sued for negligently causing an automobile collision can defend the first action on the basis of the plaintiff's negligence, and then bring a second action to recover for the same negligence." Charles Alan Wright & Arthur R. Miller, 18 Fed. Prac. & Proc. Juris. § 4414 Claim Preclusion—Defendant Preclusion (3d ed.).

it arises out of the transaction or the occurrence that is the subject matter of the original action or of a counterclaim." R. E. Linder Steel Erection Co., Inc. v. Alumisteel Sys., Inc., 88 F.R.D. 629, 631 (D. Md. 1980) (emphasis added). Moreover, "[i]n Maryland, cross-claims under Federal Rule of Civil Procedure 13(g) are permissive, not compulsory, and 'any affirmative claim which one defendant has against another may be litigated separately.'" Danner v. Int'l Freight Sys. of WA, L.L.C., No. CIVA RDB-09-3139, 2010 WL 2483474, at *5 (D. Md. June 15, 2010).

Defendants contend that "Plaintiff took an adversarial position to the [Defendants]" in the Villamizar Lawsuit and that as a result "any claims he had against the [Defendants] became compulsory, and not permissive, claims." Defs.' Reply at 5. But "cross-claims are filed against co-parties, not against adverse parties." Glynn v. EDO Corp., 641 F. Supp. 2d 476, 479 n.2 (D. Md. 2009). Defendants' arguments on this point are without merit as a permissive cross-claim does not transform into a compulsory one merely because of the contentions in a co-defendant's answer. Parties become "opposing parties" only when a cross-claim is filed. See Kirkcaldy v. Richmond Cnty. Bd. of Educ., 212 F.R.D. 289, 297 (M.D.N.C. 2002) ("Although the Federal Rules do not themselves address when a co-defendant becomes an opposing party, the majority of courts ruling on this issue have accepted the general premise that the term 'opposing party' includes co-defendants once a substantive cross-claim is filed by one co-defendant against the other.").

Here, Plaintiff's claim in the Villamizar Lawsuit was permissive and not compulsory. Plaintiff brought a claim he did not initiate in the Villamizar Lawsuit, as is

his right to do. See State Court Compl., ECF No. 5. The manner in which Plaintiff attempted to absolve himself of liability in the Villamizar Lawsuit—by seeking to shift fault to WMATA and Officer Whitaker in his pleading—does not make his claim compulsory. Thus, the identity of causes of action element is not satisfied because it does not extend to permissive claims that could have been raised or those for which a plaintiff has not had an opportunity to fully litigate.

### C.  Identity of Parties

The final element considers whether there exists an "identity of the parties" in the two suits. Clodfelter, 720 F.3d at 210.

Mere "roster changes" will not defeat the identity of parties requirement. Hall v. St. Mary's Seminary & Univ., 608 F. Supp. 2d 679, 685 (D. Md. 2009), aff'd, 378 F. App'x 326 (4th Cir. 2010). Additionally, "the 'identity of parties' component of res judicata does not require that the parties be identical." Koenig v. Dep't of Pub. Safety & Corr. Servs., Civil Action No. JKB-17-1200, 2019 WL 4722522, at *3 (D. Md. Sept. 26, 2019) (citing Providence Hall Associates Ltd. P'ship v. Wells Fargo Bank, N.A., 816 F.3d 273, 282 (4th Cir. 2016)).

The parties disagree as to whether this element is satisfied. Defendants contend this element is satisfied because it is undisputed that all parties in this case, including Plaintiff, were parties to the prior judgment. Defs.' Mem. at 6. Plaintiff contends that "this is untrue in every conceivable sense" because "neither the parties, nor their roles, are 'identical'" Pl.'s Opp. at 3.

Civil Action No. 24-cv-00911-LWW                                                                            Page 15

Here, the identity of parties element is satisfied. While Plaintiff is correct in a technical sense that "neither the parties, nor their roles, are 'identical,'" he is incorrect as to the legal effect of this assertion. Plaintiff was a party to the prior suit regardless of his position on either side of the action. In Providence Hall, the Fourth Circuit expressly rejected the "identity-of-the-parties element as requiring that the parties in the prior case were identical to the parties in the present case," stating "[t]his is not the law." 816 F.3d at 282 (internal quotations and citations omitted). The mere fact that Plaintiff was a co-defendant, along with Defendants here, in the Villamizar Lawsuit, does not change the outcome for the purposes of this element. Accordingly, this element is satisfied.

      D.    **Conclusion**

Defendants have failed to satisfy all three elements established by the Fourth Circuit and, as such, the doctrine of res judicata does not apply to Plaintiff's claim. As Defendants state in their motion, res judicata "is not a technical rule but a rule of fundamental and substantial justice, of public policy and private peace …." Defs.' Mem. at 3 (quoting Nash Cnty, 640 F.2d at 486). The court agrees. The underlying policy goal of the doctrine would be defeated if Plaintiff does not get his day in court.

## CONCLUSION

For reasons discussed herein, Defendants' Motion is **DENIED**. A separate order shall follow.

                                                                /s/ Lisa W. Wang
                                                                     Judge

Dated: November 8, 2024
      Greenbelt, MD